IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| EMPLOYERS INSURANCE OF ) <br> a Wisconsin mutual Company, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ST. CLAIR CONTRACTORS, INC., an ) <br> Idaho Corporation; ARLISS A. ST. CLAIR ) <br> and THOMAS F. ST. CLAIR, husband and ) <br> Wife; RANDALL T. ST. CLAIR and ) <br> CINDY M. ST. CLAIR, husband and wife; ) <br> DENNIS RAY ST. CLAIR and KAREN ) <br> ELAINE ST. CLAIR, Husband and wife; ) <br> THE CITY OF McCALL, an Idaho ) <br> Municipal Corporation; INTERWEST ) <br> SUPPLY, INC., an Idaho corporation; and ) <br> DEVELOPERS SURETY & INDEMNITY ) <br> CO., an Iowa Corporation, ) <br> ) <br> Defendants. ) <br> _____) <br> INTERWEST SUPPLY, INC., an Idaho ) <br> Corporation, ) <br> ) <br> Counterclaimant and Crossclaimant, ) <br> ) <br> v. ) <br> ) <br> EMPLOYERS INSURANCE OF ) <br> WAUSAU A MUTUAL COMPANY, ) <br> a Wisconsin Mutual Company, ) <br> ) | Case No. CV-01-629-S-BLW <br><br> **MEMORANDUM** <br> **DECISION AND ORDER** |

**Memorandum Decision and Order – Page 1**

|  |  |
|---|---|
| Counterdefendant, | ) |
|  | ) |
| and | ) |
|  | ) |
| THE CITY OF McCALL, an Idaho Municipal Corporation, | ) ) |
|  | ) |
| Crossdefendant. | ) |
| _____ | ) |
| ST. CLAIR CONTRACTORS, INC., an Idaho Corporation, | ) ) |
|  | ) |
| Crossclaimant, | ) |
|  | ) |
| v. | ) |
|  | ) |
| THE CITY OF McCALL, an Idaho Municipal Corporation, | ) ) |
|  | ) |
| Crossdefendant. | ) |
| _____ | ) |
| ST. CLAIR CONTRACTORS, INC., an Idaho Corporation, | ) ) |
|  | ) |
| Third-Party Plaintiff, | ) |
|  | ) |
| v. | ) |
|  | ) |
| OLDCASTLE PRECAST, INC., d/b/a AMCOR PRECAST, | ) ) |
|  | ) |
| Third-Party Defendant. | ) |
| _____ | ) |

**Memorandum Decision and Order – Page 2**

## INTRODUCTION

The Court has before it Wausau's motion for enforcement of judgments. The Court heard oral argument and took the motion under advisement. The parties then filed additional briefs that the Court has reviewed. For the reasons expressed below, the Court will grant the motion.

## ANALYSIS

Following a jury trial, the Court entered Judgment for Wausau and St. Clair in the sum of $4,955,096 against the City of McCall.[1] The City appealed that Judgment, and the appeal is currently pending before the Ninth Circuit.

The City has neither paid the Judgment nor sought a stay. Wausau responded to the City's inaction by filing a motion to enforce the Judgment. The City argues that this Court has no authority to enforce the Judgment.

Absent a stay, "all orders and judgments of courts must be complied with promptly." *Maness v. Meyers*, 419 U.S. 449, 458 (1975). The "[p]rocess to enforce a judgment for the payment of money shall be a writ of execution, unless the court directs otherwise." Fed. R. Civ. P. 69(a). This process "shall be in accordance with the practice and procedure of the state in which the district court is

---

[1] The Court has also entered judgment for Wausau, and against the City, in the sum of $985,901.64 representing attorney fees and pre-judgment interest (Docket No. 269).

**Memorandum Decision and Order – Page 3**

located . . . ." *Id.*

The applicable Idaho procedure is set forth in Idaho Code § 50-217. It gives city councils power "to order paid any final judgment against such city," but goes on to block certain specific methods of collecting that judgment normally available to judgment creditors: "[N]one of [the city's] lands or property of any kind or nature, taxes, revenues, franchises, rates, or interest shall be attached, levied upon or sold in or under any process whatsoever."

The City argues that it has no authority under this statute to pay the Judgment because it has been appealed and thus is not yet "final." The Court disagrees. Only final decisions are appealable. *See* 28 U.S.C. § 1291. It would be anomalous to hold that because the Judgment's finality allowed appeal, the Judgment is not final.

The City responds by arguing that its ability to raise property taxes "is the sole vehicle provided for by law in the payment of any judgment," and cites Idaho Code § 50-217 in support. *See City's Second Supplemental Brief* at p. 4. In fact, the statute provides no support for the City's argument; its language nowhere labels property taxes as the exclusive source of funds for paying judgments.

The City argues next that the legislative history behind Idaho Code § 50-1006 shows a legislative intent to limit the City's ability to pay a judgment to the

**Memorandum Decision and Order – Page 4**

3% cap on property taxes. That statute provides as follows:

> Should any judgment be obtained against the [City], the mayor . . . may borrow for a space of time not exceeding the close of the next fiscal year, a sufficient amount to pay the same, which sum and interest shall in like manner be added to the amount authorized to be raised in the general tax levy of the next year and embraced therein.

The City argues that because this statute is "far from clear," legislative history must be used to divine legislative intent. *See City's Second Supplemental Brief* at p. 7. The Court disagrees – the language is clear. The borrowed sum shall be "added to" the "amount authorized to be raised," an amount now regulated by Idaho Code § 63-802. That statute caps the annual increase in the "amount authorized" at 3%. Because the borrowed sum is "added to" the "amount authorized," the plain language of § 50-1006 authorizes the City to borrow above-and-beyond the 3% cap – the "amount authorized" – set forth in § 63-802.

The City responds that the legislative history of § 50-1006 is contrary to this interpretation, and shows that the legislature intended that the borrowed sum *not* be added to the "amount authorized." However, "[w]here the language of the statute is clear and unambiguous, legislative history and other extrinsic evidence should not be consulted for the purpose of altering the clearly expressed intent of the legislature." *Horner v. Sani-Top, Inc.,* 141 P.2d 1099, 1102 (Id.Sup.Ct. 2006). Here, the clear statutory language precludes reference to legislative history and

**Memorandum Decision and Order – Page 5**

requires the Court to give full effect to the words used.

The City argues that *Missouri v. Jenkins*, 495 U.S. 33 (1990) blocks this Court from enforcing its Judgment. That case holds that federal courts cannot order a remedy "predicated on elimination of state-law limitations on the [public entity's] taxing authority." *Id.* at 63-64.

Here, the one applicable state-law limitation is set forth in Idaho Code § 50-217, as discussed above. Paraphrasing that statute, it prohibits the Court from attaching City revenues, selling City land, or ordering that taxes be levied to pay the Judgment. *See City of Idaho Falls v. Beco Construction Co.,* 850 P.2d 165 (Id.Sup.Ct. 1993). There is no state-law limitation preventing the Court from ordering that the City immediately pay surplus funds, and to collect and pay funds by such means as are available to it. That is what Wausau sought in its motion, and the Court will so order.[2]

## ORDER

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion to enforce judgment (Docket No. 276) is GRANTED.

---

[2] The City filed a motion to strike certain material in an affidavit submitted by Wausau's counsel. The Court did not rely on that material in any way and thus finds the motion to be moot.

**Memorandum Decision and Order – Page 6**

IT IS FURTHER ORDERED, that the City shall immediately pay any surplus funds it now has to satisfy the Judgments (Docket Nos. 193 and 269), and if that is not sufficient to satisfy the Judgments, shall immediately collect and pay funds by such means as are available to it to satisfy the Judgments.

IT IS FURTHER ORDERED, that the motion to strike (Docket No. 281) is DEEMED MOOT.



DATED:  **October 19, 2006**

_____
Honorable B. Lynn Winmill
Chief U. S. District Judge