IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| EMPLOYERS INSURANCE OF WAUSAU, A MUTUAL COMPANY,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>ST. CLAIR CONTRACTORS, INC., et al.,<br><br>　　　　Defendants. | Case No. CV-01-629-S-BLW<br><br>**MEMORANDUM DECISION** |

## INTRODUCTION

The Court has before it numerous motions. It will resolve each below, after briefly reviewing the background of this litigation.

## LITIGATION BACKGROUND

In 2000, the City of McCall entered into a contract with St. Clair to construct a 277,000 gallon storage lagoon to hold treated effluent. St. Clair filed performance bonds issued by Wausau. In turn, Wausau had St. Clair sign an indemnity agreement.

**Memorandum Decision – Page 1**

The City terminated St. Clair in February of 2001, claiming that St. Clair failed to meet the contract deadlines. Wausau elected to complete the work and hired Interwest Supply Inc.,one of St. Clair contractors to complete the project.

In June of 2001, the City and Wausau disagreed over whether the project was substantially complete. The City felt more work was necessary, withheld further payment, and hired Contractors Northwest to complete the project.  Wausau sued the City to obtain payment, sued St. Clair under the indemnity agreement, and sued Interwest for indemnity against the City's complaint that Wausau did not complete the contract. St. Clair sued the City for payment. The City counterclaimed against Wausau and St.Clair.

At the conclusion of a jury trial, the jury awarded Wausau and St Clair $4,955,096, finding that the City had committed a material breach of the contract by terminating St. Clair.  Of that amount, the jury found that $1,629,203 constituted recovery for St. Clair's "Business Devastation" claim. The jury also found that St. Clair was liable to Wausau for breaching the indemnity agreement in the sum of $2,241,297.  After the verdict, the Court awarded various sums to Wausau against St. Clair for pre-judgment interest and attorney fees.  On appeal, the Ninth Circuit affirmed the jury verdict.  *See Employers Ins. of Wausau v. St. Clair*, 2007 WL 648508 (9th Cir. February 28, 2007).

**Memorandum Decision – Page 2**

# ANALYSIS

1. **<u>Apportionment of City's Payment</u>**

The City has issued a check jointly payable to Wausau and St. Clair in the sum of $300,432. The City left it up to Wausau and St. Clair to reach an agreement on how to divide up the proceeds of the check. Unable to agree, they ask the Court to resolve their dispute.

St. Clair argues that it would be most fair to simply divide the money in half between St. Clair and Wausau. This ignores the fact that Wausau, as surety, has a priority equitable lien and is equitably subrogated to St. Clair's contract proceeds – all told, Wausau is owed about $4 million from St. Clair. *Pearlman v. Reliance Insurance Company*, 371 U.S. 132 (1962)(discussing priority of surety's equitable lien): *See Exhibit A to Affidavit of Blewett* (setting forth amount due to Wausau from St. Clair).

St. Clair argues that Wausau's interest is a security interest governed by the Uniform Commercial Code (UCC), and that Wausau failed to perfect its interest under Article Nine of the UCC. But Article Nine does not apply to the equitable lien of a surety. *See In re Modular Structures, Inc.,* 27 F.3d 72, 79 at n. 7 (3rd Cir. 1994) (stating that "the overwhelming and essentially unanimous post UCC decisions in . . . federal as well as state courts have held that . . . no UCC filing is

necessary to perfect the surety's interest").

St. Clair responds that awarding the full amount to Wausau would ignore the tax lien filed against St. Clair by the IRS. The IRS filed a tax lien against St. Clair with the State on November 19, 2002, *see Exhibit B to Affidavit of Blewett*, and with the City on July 7, 2007. *See Exhibit A to Supplemental Affidavit of St. Clair.* St. Clair argues that this tax lien has priority over whatever interest Wausau has, and that awarding the full amount of the City's payment to Wausau would ignore the superior priority of the tax lien.

The Court disagrees. In a decision from this District, Judge Hagan held, under circumstances similar to those here, that the equitable subrogation lien of a surety had priority over an IRS tax lien. *See In re Ca-Jun Construction Inc.*, Civ. No. 87-272 (D.Id. 1990). Perhaps explaining why the IRS has not intervened in this case to attach the City's check, the statutes governing the IRS – and its own regulations – provide that a surety has priority over an IRS tax lien on contract payments if the agreement of suretyship was executed prior to the filing of the tax lien. *See* 26 U.S.C. § 6323*;* 26 C.F.R. § 301.6323(c)-3 (*example 2); see also, In re Bay State York Co. Inc.,* 162 B.R. 922 (Bkrtcy.D.Mass. 1993) (holding that surety's rights relate back to the filing of the surety bonds, defeating later-filed IRS tax liens). That is the case here: Wausau's surety agreement was entered into in

**Memorandum Decision – Page 4**

2000, while the IRS tax lien was not filed until 2002.

St. Clair argues next that payment to Wausau would ignore a perfected attorney's lien filed by St. Clair's counsel at the firm of Meuleman Mollerup LLP. As discussed above, however, Wausau's equitable lien relates back to 2000 when the surety bonds were executed. There is no indication in the record that the lawfirm's lien predates 2000 or somehow takes priority over Wausau's lien even if not first in time.

For all these reasons, the Court will order that St. Clair sign over the proceeds of the City's check in their entirety to Wausau. Wausau has also requested that a writ of execution issue against St. Clair and the Court will grant that motion as the Judgment against St. Clair and in favor of Wausau remains unpaid. Finally, Wausau has requested that a Judgment be issued against St. Clair in the sum of $88,235.91 pursuant to a stipulation between Wausau and St. Clair. There being no objection, the Court will grant that motion.

**2.    St. Clair's Motion to Alter Judgment Against City**

St. Clair seeks reconsideration of the Court's decision refusing to award pre-judgment interest against the City in favor of St. Clair, pointing out that the Court did award Wausau pre-judgment interest. The Court denied St. Clair's original motion because a portion of the Judgment on which St. Clair sought pre-judgment

**Memorandum Decision – Page 5**

interest was not liquidated. St. Clair has now modified its request, seeking pre-judgment interest only on those portions of the Judgment that were clearly liquidated. The City has not responded.

The Court finds this revised request well-taken. St. Clair is seeking pre-judgment interest as to Pay Applications 5, 6, and 7 along with amounts wrongfully withheld by the City as retainage. All these sums were clearly liquidated and clearly due and owing. The Court shall therefore grant the motion and award $485,016.33 in pre-judgment interest to St. Clair and against the City.

### 3.  Motion for Taxation of Costs for Transcripts on Appeal

Wausau seeks to recover from the City $4,734.32 in costs it incurred in obtaining the trial transcript for the appeal to the Ninth Circuit. St. Clair seeks to recover from the City $487.51 in costs it incurred to obtain a copy of the trial transcript from Wausau's counsel. Both parties prevailed over the City on the appeal.

Under Rule of Appellate Procedure 39(e), the cost of transcripts is to be taxed in the district court. Wausau and St. Clair, as prevailing parties, are entitled to the transcript costs. *See 16A Wright, Miller and Cooper, Federal Practice & Procedure,* at § 3985, pp. 711-13 (1999). The Court shall therefore grant those motions.

**4.      St. Clair's Motion for Consolidation**

St. Clair has filed a motion to consolidate this case with *City of McCall v. Wausau*, 07-177-S-BLW.  St. Clair has filed a motion for summary judgment in that case.  The Court will deny the present motion to consolidate without prejudice to St. Clair's right to re-file the motion after the summary judgment issue is resolved.

**5.      Conclusion**

The Court will issue a separate Judgment as required by Rule 58.



DATED:  **December 4, 2007**

Honorable B. Lynn Winmill
Chief U. S. District Judge